UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-01262 JAK (KKx) | Date | July 22, 2019 |
| Title | Snook Investments, LLC v. Robert Michael Fanter et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER REMANDING ACTION JS-6**

For the reasons stated in this Order, this action is **REMANDED** sua sponte to the San Bernardino Superior Court due to lack of federal, subject matter jurisdiction.

On July 9, 2019, Defendant Robert Michael Fanter removed this unlawful detainer action. Notice of Removal, Dkt. 1. The Notice of Removal relies on federal question jurisdiction. Notice of Removal, Dkt. 1 at 2.

Federal courts are ones of limited jurisdiction and have subject matter jurisdiction only over matters authorized by the Constitution and federal statutes. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A district court is required to consider whether there is subject matter jurisdiction in an action. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A failure to do so could result in the entry of orders in action that are void. For similar reasons, a district court may remand a case summarily if the absence of subject matter jurisdiction is apparent and clear. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (internal citations omitted). A party who seeks to remove an action bears the burden of establishing federal jurisdiction. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).

Review of the Notice of Removal and attached Complaint shows that there is no federal question subject matter jurisdiction over the unlawful detainer claim under 28 U.S.C. § 1331. The Notice of Removal appears to be cut off before the relevant jurisdictional argument. *See* Notice of Removal, Dkt. 1 at 2 ¶ 7 (contention regarding federal question jurisdiction ends with a sentence fragment). However, a review of the Complaint, which is attached in its entirety, makes clear that there is not federal question jurisdiction. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Complaint only alleges a standard action for unlawful detainer. That claim to the right to possession of real property arises under California law. *See Wescom Credit Union v. Dudley*, No. CV10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. ED CV09-2337 PA (DTBx), 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (remanding unlawful detainer claim action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-01262 JAK (KKx) | Date | July 22, 2019 |
| Title | Snook Investments, LLC v. Robert Michael Fanter et al. | | |

for lack of subject matter jurisdiction).

To the extent Defendant seeks to invoke federal question jurisdiction based on the affirmative defenses he may seek to advance, the outcome is the same. An affirmative defense cannot provide a basis for federal question jurisdiction. *See Caterpillar*, 482 U.S. at 393 ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.").

To the extent Defendant seeks to invoke jurisdiction on the basis of diversity of citizenship, the underlying unlawful detainer action is a limited civil action in which the amount in controversy does not exceed $10,000. *See* Complaint, Dkt. 1 at 5 ¶ 1. Further, neither the Complaint nor the Notice of Removal provides any basis for concluding that the parties are citizens of different states.

Because neither Plaintiff's Complaint nor Defendant's Notice of Removal provides any basis for subject matter jurisdiction, it is hereby ordered that this action is **REMANDED** to the San Bernardino Superior Court at its Fontana Division (Case No. UDFS1902558). Plaintiff shall give telephonic notice of this Order to Defendant forthwith and file a corresponding proof of service in this case on or before three days from the issuance of this Order.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | ak |